UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
Central Division

**BRUCE J. SMITH,**
For himself and on behalf of all
similarly situated individuals

       Plaintiff,

v.                                          Case No.:

**GENERAL INFORMATION SERVICES, INC.,**

       Defendant.

## CLASS COMPLAINT

COMES NOW, the Plaintiff, BRUCE J. SMITH, on behalf of himself and all similarly situated individuals, by and through his undersigned counsel, Jeffrey M. Lipman of Lipman Law Firm, P.C., and Leonard A. Bennett of Consumer Litigation Associates, P.C. and alleges the following claims against Defendant, General Information Services, Inc. ("GIS"):

### *INTRODUCTION*

1.     This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq*. Defendant is a consumer reporting agency which prepared and published a consumer report from public records for employment purposes regarding Plaintiff. Defendant provided this report to his prospective employer. The Plaintiff has brought his individual claim pursuant to 15 U.S.C. §1681e(b) because the consumer report Defendant provided was inaccurate. GIS failed to follow reasonable procedures in furnishing the report and it combined his identity with an unrelated person residing in a different state and without the same social

security number and/or date of birth.   The Plaintiff brings his class claim 15 U.S.C. §1681k because GIS does not provide the Plaintiff and other similarly situated consumers notice that is it furnishing a consumer report at the time it is doing so and instead delays such notice until after the prospective employer or other subscriber has received the report.

## *JURISDICTION AND VENUE*

2. The Court has federal question jurisdiction under the FCRA, 15 U.S.C. §1681p.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all relevant events occurred in this District and Division, the Plaintiff resides here and Defendant is doing business regularly in this district and division.

## *PARTIES*

4. Bruce J. Smith is a citizen of Urbandale, Iowa and a "consumer" as protected and governed by the FCRA.

5. General Information Services, Inc. (hereafter "GIS") is a foreign corporation doing business throughout the United States, including in Iowa.

6. Defendant is a "consumer reporting agency" as governed by the FCRA.

7. Defendant was and continues to disburse consumer reports to third parties under contract for monetary compensation during the class period and currently.

## *FACTS*

8. In 2008, Plaintiff applied for employment at Avivia through the Des Moines office of The Palmer Group, a national employment agency.

9. Thereafter, the Palmer Group requested a consumer report for an employment purpose from GIS regarding the Plaintiff.  On information and belief, Plaintiff alleges that The

Palmer Group provided Plaintiff's full name, his address, his full social security number and his full date of birth.

10. GIS furnished a consumer report in response to this request and thereby represented that the information in the report regarded the Plaintiff.

11. Thereafter, a representative of The Palmer Group informed Plaintiff that he was not eligible for hire and his application was initially rejected because of the results of the consumer report.

12. Only after this event and no sooner than August 2008 did Plaintiff learn that GIS had provided the inaccurate consumer report and then the substance of that report.

13. This report contained information that did not belong to Plaintiff.  GIS had inaccurately mixed identity with that of a totally unrelated person.   The inaccurate information included public record information likely to have an adverse affect upon Plaintiff's ability to obtain employment.

14. In creating and furnished the Plaintiff's consumer report, GIS failed to follow reasonable procedures to assure that the report was as accurate as maximally possible.  For example, GIS allowed and/or used very loss match criteria to determine whether to include information pertaining to a stranger with a different social security number living in a different state within Plaintiff's consumer report.

15. GIS' failure to follow these reasonable procedures was a substantial factor in the rejection of his employment application and other related actual harm he suffered.

16. Plaintiff had faced similar circumstances in at least one previous instance and would have wanted to know which reporting agency was furnishing The Palmer Group the report

in order that he could have tried to preempt the inaccuracy and subsequent rejection of his employment application.

17.     Despite providing a report for employment purposes containing public record information likely to have an adverse affect upon Plaintiff's ability to obtain employment there GIS failed to provide notice to Plaintiff at the time Defendant furnished the report or even thereafter (a.) that the public record information was being reported or (b.) the name and address of the person to whom such information was being reported.

18.     Defendant is unable to maintain strict procedures designed to ensure that public information likely to have an adverse affect on a consumer's ability to obtain employment is complete and up to date when reported to a (prospective) employer as it does not obtain information directly from public record sources in the first place.  On information and belief, Plaintiff alleges that Defendant never attempts to follow the option available at 15 U.S.C. §1681k(a)(2), which requires a reporting agency to actually contact the original source of public records information (e.g. the Court clerk) immediately before furnishing a report which includes such information.  This section is inapplicable to reports and agencies like those in this case.

19.     During the period relevant to this case (the five years immediately preceding the filing of this Complaint), GIS systematically failed to provide consumers with the notice required by the FCRA, 15 U.S.C. §1681k(a)(1).

## COUNT ONE:  FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681k(a)(1)

20.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

21.     Pursuant to Rule 23 of the Federal Rules of Civil Procedures, Plaintiff brings this

action for himself and on behalf of a class (the "class") of similarly situated individuals initially defined as follows:

> All natural persons residing in the United States who were the subject of a consumer report prepared by GIS for employment purposes containing any negative (derogatory) public record criminal arrest, charge or conviction, civil judgments, bankruptcies or tax liens, during the five years next preceding the filing of this Complaint and the pendency of this suit.
>
> Excluded from the Class are consumers who received a copy of their consumer report from GIS or from their prospective employer earlier than two years before the filing of this Complaint, as well as all employees of GIS, all counsel in this case and any judge assigned to hear this action.

22. Pursuant to Rule 23 of the Federal Rules of Civil Procedures, Plaintiff also brings this action for himself and on behalf of a putative sub-class (the "Iowa class") of similarly situated individuals initially defined as follows:

> All natural persons residing in the State of Iowa who were the subject of a consumer report prepared by GIS for employment purposes containing any negative (derogatory) public record criminal arrest, charge or conviction, civil judgments, bankruptcies or tax liens, during the five years next preceding the filing of this Complaint and the pendency of this suit.
>
> Excluded from the Class are consumers who received a copy of their consumer report from GIS or from their prospective employer earlier than two years before the filing of this Complaint, as well as all employees of GIS, all counsel in this case and any judge assigned to hear this action.

23. **Numerosity.  FED. R. CIV. P. 23(a)(1).**  Upon information and belief, GIS produces and furnishes many thousands of consumer reports for employment purposes each year, including a large number in Iowa.  As a result, the Class members are so numerous that joinder of all is impractical.  The names and addresses of the Class members are identifiable through documents maintained by GIS.  The Class members may be notified of the pendency of this

action by published, emailed or mailed notice.

24. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Defendant's uniform conduct and procedures, whether Defendant sent the required notices, when it did so and whether Defendant acted willfully in its failure to design and implement procedures to assure compliant delivery and/or timing of these notices. Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. §1681n are common questions.

25. **Typicality. FED. R. CIV. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff is entitled to relief under the same cause of action as the other members of the Class.

26. **Adequacy. FED. R. CIV. P. 23(a)(4).** Plaintiff is an adequate representative of the Class because his interest coincides with, and is not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

27. **Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Without limitation, the statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by GIS' conduct. It would be virtually impossible for the

members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by GIS' conduct. By contrast, the Class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

28. **Injunctive Relief Appropriate for the Class. FED. R. CIV. P. 23(b)(2).** Class certification is appropriate because GIS has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. In addition, upon information and belief, GIS continues to violate the FCRA provisions that are the subject of this suit.

29. Defendant's failure to provide the required FCRA notices to the Plaintiff and other members of the putative class violated 15 U.S.C. §1681k(a)(1).

30. The conduct, action, and inaction of Defendant was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

31. Plaintiff and other members of the putative class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

### COUNT TWO:  FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(b)
### (Individual Claim)

32. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

33. Defendant violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding the Plaintiff.

34. As a result of the conduct, actions and inactions of the Defendant the Plaintiff suffered actual damages, including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

35. Defendant's violation of 15 U.S.C. §1681e(b) was willful, rendering the Defendant liable pursuant to 15 U.S.C. §1681n. In the alternative, the Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

36. The Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Plaintiff moves for class certification and for judgment against the Defendant individually for actual and/or statutory damages and punitive damages, as a class for statutory damages and punitive damages; and for attorney's fees and costs, and such other specific or general relief the Court does find just and appropriate.

**TRIAL BY JURY IS DEMANDED.**

**BRUCE J. SMITH, for himself and on behalf of similarly situated individuals.**

S/ Jeffrey M. Lipman
Jeffrey M. Lipman                          AT0004738
LIPMAN LAW FIRM, P.C.
8450 Hickman Road, Suite 16
Clive, IA 50325
(515)276-3411
FAX: (515)276-3736
EMAIL: LIPMANLAWFIRM@AOL.COM


S/ Leonard A. Bennett
Leonard A. Bennett
VSB #37523
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
Phone: (757) 930-3660
Fax:    (757) 930-3662
Email: lenbennett@clalegal.com

ATTORNEYS FOR PLAINTIFF